IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WAYNE JOSEPH CHANG, § | |
| Plaintiff, § | |
| § | |
| v. § | No. 3:21-cv-00776-B (BT) |
| § | |
| UNITED STATES OF AMERICA, § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Wayne Joseph Chang, a federal prisoner, filed a *pro se* motion for return of seized property in his closed criminal case, *United States v. Chang*, No. 3:18-cr-00588-B (N.D. Tex.). The Court construed that motion as a civil action under 28 U.S.C. § 1331 and opened this case. Order (ECF No. 5). After Chang received the government's response to his initial motion arguing that Chang's claims should be denied because the property at issue was either forfeited by local authorities or still in the possession of local authorities, Chang filed a motion seeking leave to add a claim against the government under the Federal Tort Claims Act. *See* Mot. Amend (ECF No. 10). Change also filed a motion asking the Court to consolidate this case with another unspecified civil action he claims to have brought under 42 U.S.C. § 1983. Mot. Consolidate (ECF No. 11). However, the Court had previously admonished Chang that he must pay the $402 filing fee or file a proper request to proceed *in forma pauperis*. Orders (ECF Nos. 6 & 8). On April 6, 2021, Chang filed a motion to proceed *in forma pauperis*. The Court

deferred ruling on the motion until May 28, 2021 to allow him to pay the filing fee. To date, Chang has not paid the filing fee. Therefore, the Court should deny Chang's motion for leave to proceed *in forma pauperis* and dismiss this civil action unless he pays the $402 filing fee within 30 days of the date of this recommendation.

The procedure for a party to bring a lawsuit *in forma pauperis* is set forth in 28 U.S.C. § 1915. The goal of § 1915(a) is to allow access to federal courts for those plaintiffs who lack the resources to pay any of the statutory filing costs. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). The district court may authorize the commencement of a civil action without the prepayment of fees or costs by a prisoner when he files a financial affidavit along with a certified copy of his trust fund account statement for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2). The Court must then examine the financial condition of the applicant to determine whether the payment of fees would "cause undue financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Chang's inmate trust account, received on April 26, 2021, shows: his account balance was $1,944.36; his average monthly balance was $554.68; and his average monthly deposits were $435.00. Additionally, on May 21, 2021, the Court received Chang's motion for reconsideration of the April 29, 2021 order to defer ruling on his motion to proceed *in forma pauperis*. The attached inmate trust account

demonstrates Chang still had $1,098.11 in his account. Based on this information, the Court should find Chang has failed to show that payment of the filing fee would cause him undue financial hardship.

Accordingly, the Court should DENY Chang's motion for leave to proceed *in forma pauperis* and dismiss this civil action without prejudice unless he pays the $402 filing fee within 30 days of the date of this recommendation.

Signed June 4, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).